IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:19CR116 |
| | § | Judge Jordan |
| DANIEL FRANKLIN HEATH | § | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO FILE AN AMENDED FACTUAL BASIS**

The United States of America hereby responds to and opposes the defendant Daniel Franklin Heath's motion to file an amended factual basis. The factual basis, as signed and amended by Heath, represents an accurate reflection of his admissions. The redactions demonstrate the boundaries of Heath's admissions. As Heath has failed to demonstrate a legitimate need to amend the factual basis, or a legal basis for doing so, the motion should be denied.

On May 8, 2019, a Grand Jury sitting in the Eastern District of Texas returned a one-count indictment against Heath, charging a violation of 18 U.S.C. § 2422(b), coercion and enticement of a minor. ECF #1. The indictment alleged that Heath persuaded, induced, enticed, or coerced a minor child to engage in illegal sexual conduct for approximately a year and a half, between December 2017 and on or about April 11, 2019. *Id.* At the time the indictment was returned, Heath was living in Wilson, North Carolina, where he was employed as a pastor. Subsequent to his arrest and detention, Heath was transported to the Eastern District of Texas. ECF #6.

Thereafter, on September 16, 2019, Heath filed notice of his intention to plead

guilty to the indictment, without a plea agreement. ECF #22. Pursuant to practice in the district, the undersigned prepared a factual basis, with facts to support each element necessary to support a violation of 18 U.S.C. § 2422(b). Indeed, within the Fifth Circuit, the following elements must be proven to demonstrate a violation of this section:

> *First*: That the defendant knowingly persuaded, induced, enticed, or coerced an individual to engage in any sexual activity, as charged;
>
> *Second*: That the defendant used the Internet, a cell phone, or any facility or means of interstate or foreign commerce to do so;
>
> *Third*: That the defendant believed that such individual was less than 18 years of age; and
>
> *Fourth*: That the sexual activity constituted a violation of 18 U.S.C. § 2251(a) (Sexual Exploitation of Minors).

ECF #23; Fifth Circuit Pattern Jury Instructions (Criminal) §§ 1.32; 2.91 (2015). The sections of the factual basis Heath crossed out directly related to two of the elements of this offense; namely, Heath's knowing efforts to persuade, induce, entice, or coerce the minor and the nature of the illegal sexual activity. ECF #27.

Heath seeks to replace the currently filed factual basis, containing his crossed out passages, with his own version of the factual basis; one that contains only his version of the factual events. ECF #30. Heath claims that a new factual basis is needed to allow for "an accurate depiction of what Defendant Heath admitted at the plea hearing" and to avoid public "confusion." *Id.*

Within the Sherman Division of the Eastern District of Texas, parties regularly make handwritten changes to factual bases. These changes may be needed to correct typographical errors or to clarify statements within the written document. The changes

are made by drawing a line through the printed text, handwriting the change, and then each party (defendant, defense counsel, and the government) initials the change. Following the satisfactory entry of the defendant's guilty plea, the magistrate judge orders that the factual basis, among other plea documents, be filed and made part of the record. Each time, the filed factual basis reflects whatever handwritten changes the parties have made.

This is precisely the scenario presented here. Heath redacted the factual statements that he disputed, both he and his counsel initialed these changes, and counsel for the United States also initialed them, acknowledging Heath's decision to do so.[1] Thereafter, and while under oath, Heath verbally confirmed his adoption of the redacted factual basis during his plea colloquy. In recommending that the district court accept Heath's guilty plea, the magistrate judge accepted the marked factual basis and filed it as part of the record of the case. There is no question that Heath did not adopt these statements, and the redactions create no uncertainty or confusion.

It is well-settled that "[t]he public has a common-law First Amendment right to inspect and copy judicial records." *United States v. McCraney*, 99 F.Supp.3d 651, 654 (E.D.Tx. 2015) (*citing Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 575 (1980) and *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 596 (1978)). Heath's motion attempts to lessen the public exposure of his criminal conduct. For example, the

---

[1] While statements contained within a factual basis might be a point of negotiations between parties in a typical case, here, because of Heath's decision to plead without a plea agreement, the government could only acknowledge the changes Heath made. The government's acknowledgment of the redactions by no means condoned them.

government is aware that, given the nature of Heath's offense and his former stature in the community, this prosecution has garnered media interest in Wilson, North Carolina. Indeed, following Heath's guilty plea, an article was published in a local North Carolina paper that discussed Heath's plea and his factual basis as filed on the public docket, noting that there were facts that he declined to adopt. In this light, Heath's motion appears to be motivated by his desire to minimize his personal embarrassment and that to his family rather than an effort to accurately set forth his conduct. Moreover, any embarrassment felt by Heath is of his own making and has already been felt by him as a result of the published article describing the filed factual basis.

Because the need for public openness in proceedings is deeply engrained in our judicial system, anyone seeking to "deny the right of access" to information must show a "compelling … interest" and that the restriction is "narrowly tailored to serve that interest." *Press Enterprise Co. v. Superior Court of California, Riverside County*, 464 U.S. 501, 510 (1984). Heath makes no such showing. Moreover, the government submits that Heath's redactions are important for the sentencing court's consideration. Heath has elected to plead to the indictment without a plea agreement. Thus both parties will have the unrestrained ability to argue for or against the application of sentencing guideline enhancements, and to advocate for the imposition of any term of imprisonment. The government will demonstrate to the district court that Heath engaged in coercive and psychologically persuasive conduct against a trusting minor, that the product of that coercion was the production of child pornography, and that the sexual activity depicted in the child pornography involved the use of specific foreign objects. Heath's rejection of

4

these facts in his factual basis is pertinent not only to the court's sentencing determination in this case, but also for the parties' argument to the district court about the facts and circumstances involved in the criminal offense.

Based on the foregoing, the government respectfully requests that the court deny Heath's motion and allow the filed factual basis to remain, as entered before the magistrate judge and as part of the original plea.

Respectfully submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY


/s/_____
MARISA J. MILLER
Assistant United States Attorney
New York Bar No. 4366415
101 East Park Boulevard, Suite 500
Plano, Texas 75074
(972) 509-1201
Marisa.Miller@usdoj.gov

**CERTIFICATE OF SERVICE**

This is to certify that on October 25, 2019, I filed this document with the Clerk using the CM/ECF filing system, which will cause a copy of this document to be delivered to counsel for the defendant via electronic mail.


/s/_____
MARISA J. MILLER